**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____ Chapter **7**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**
**For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | JR Cartage, Inc., |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 35-2240544 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **3512 Farmont Ave** **Naperville, IL 60585** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **DuPage** County | **Location of principal assets, if different from principal place of business** **3512 Faarmont Ave Naperville, IL 60564** Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **JR Cartage, Inc.,**
_____    Case number (*if known*) _____
Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor | _____ | | | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

Debtor    **JR Cartage, Inc.,**                                            Case number (*if known*) _____
              Name

---

**11. Why is the case filed in** *this district?*    *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ **No**

☐ **Yes.** Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

          Contact name _____

          Phone _____

---

■ **Statistical and administrative information**

---

**13. Debtor's estimation of available funds**    .    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    **JR Cartage, Inc.,**                                                    Case number (*if known*) _____
_____
Name

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 17, 2018**
                MM / DD / YYYY

**X** **/s/ James Stancel**                                    **James Stancel**
_____                    _____
Signature of authorized representative of debtor          Printed name

Title    **President**
_____

**18. Signature of attorney**

**X** **/s/ James A.Young**                          Date    **January 17, 2018**
_____                          _____
Signature of attorney for debtor                          MM / DD / YYYY

**James A.Young**
_____
Printed name

**James Young Law**
_____
Firm name

**85 Market Street**
**Elgin, IL 60123**
_____
Number, Street, City, State & ZIP Code

Contact phone    **847-608-9526**          Email address    **jyoung@jamesyounglaw.com**
_____                          _____

**6217342 IL**
_____
Bar number and State

**Fill in this information to identify the case:**

Debtor name  **JR Cartage, Inc.,**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 17, 2018**    X **/s/ James Stancel**
                                    Signature of individual signing on behalf of debtor

                                    **James Stancel**
                                    Printed name

                                    **President**
                                    Position or relationship to debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name **JR Cartage, Inc.,**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.  **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*..........................................................................................   $ _____0.00

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.......................................................................................   $ _____634.00

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*.........................................................................................   $ _____634.00

| Part 2: | Summary of Liabilities |
|---|---|

2.  **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................   $ _____0.00

3.  **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*..........................................................   $ _____2,310,000.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................   +$ _____825,631.60

4.  **Total liabilities** ......................................................................................................................
    Lines 2 + 3a + 3b                                                                                                $ | 3,135,631.60

**Fill in this information to identify the case:**

Debtor name   **JR Cartage, Inc.,**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
   amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |
| 3. | **Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | |
| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number |
| 3.1. | **Chase Bank** | **Checking** | 1039 | $134.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**                                                              $134.00
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

| 8.1. | **Bibby Fiancial services Company, factoring company that bought invoices. paaid JR Cartage ahead of receivables.  Bought Receivables.** | **Unknown** |
| --- | --- | --- |

9. **Total of Part 2.**                                                              $0.00
   Add lines 7 through 8. Copy the total to line 81.

| Debtor | **JR Cartage, Inc.,** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

| **Part 3:** | **Accounts receivable** |
|---|---|

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| **Part 4:** | **Investments** |
|---|---|

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39.  **Office furniture**<br>**6 Desk,  Conferance table and chairs,**<br>**Computers (2), Filing cabnets,** | $500.00 | Replacement | $500.00 |

40.    **Office fixtures**

41.    **Office equipment, including all computer equipment and communication systems equipment and software**

42.    **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.    **Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.

| | $500.00 |
|---|---|

44.    **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

Debtor    **JR Cartage, Inc.,**

Case number *(If known)*

Name

---

| Part 8: | **Machinery, equipment, and vehicles** |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

- ■ No. Go to Part 9.
- ☐ Yes Fill in the information below.

---

| Part 9: | **Real property** |

**54. Does the debtor own or lease any real property?**

- ■ No. Go to Part 10.
- ☐ Yes Fill in the information below.

---

| Part 10: | **Intangibles and intellectual property** |

**59. Does the debtor have any interests in intangibles or intellectual property?**

- ■ No. Go to Part 11.
- ☐ Yes Fill in the information below.

---

| Part 11: | **All other assets** |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ■ No. Go to Part 12.
- ☐ Yes Fill in the information below.

---

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor   **JR Cartage, Inc.,**
Name

Case number *(If known)* _____

---

| Part 12: | Summary |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $134.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $500.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $634.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $634.00 |

**Fill in this information to identify the case:**

Debtor name    **JR Cartage, Inc.,**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

  ■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

  ☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **JR Cartage, Inc.,**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
    amended filing

# Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

    ☐ No. Go to Part 2.

    ■ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
    with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  |  | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address<br>**Illinois Dept of Revenue**<br> **POBox 64338**<br>**Chicago, IL 60664** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$660,000.00** | **$0.00** |
|  | Date or dates debt was incurred<br>**12/13** | Basis for the claim:<br>**Taxes** |  |  |
|  | Last 4 digits of account number<br>**XXXXXXXXXX** | Is the claim subject to offset?<br>■ No<br>☐ Yes |  |  |
|  | Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) |  |  |  |
| 2.2 | Priority creditor's name and mailing address<br>**IRS**<br>**POBox 7346**<br>**Philadelphia, PA 19101** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$1,650,000.00** | **$0.00** |
|  | Date or dates debt was incurred<br>**2012-2016** | Basis for the claim:<br>**Taxes** |  |  |
|  | Last 4 digits of account number **XXXX** | Is the claim subject to offset?<br>■ No<br>☐ Yes |  |  |
|  | Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) |  |  |  |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

Amount of claim

| Debtor | JR Cartage, Inc., | |
|---|---|---|
| | Name | |
| | | Case number (if known) |

---

**3.1**

Nonpriority creditor's name and mailing address

**AAA Minnesota**
**c/o Wibur & Associates**
**210 Landmark Dr**
**Normal, IL 61761**

Date(s) debt was incurred **15**

Last 4 digits of account number **XXXXXXXXXXXX**

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Lawsuit**

Is the claim subject to offset? ■ No ☐ Yes

**$27,010.22**

---

**3.2**

Nonpriority creditor's name and mailing address

**ADT Security**
**POBox 650485**
**Dallas, TX 75265**

Date(s) debt was incurred **16**

Last 4 digits of account number **X088**

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Service**

Is the claim subject to offset? ■ No ☐ Yes

**$486.95**

---

**3.3**

Nonpriority creditor's name and mailing address

**All State and Blasiuis**
**c/o Kelly & Karras**
**1010 Jorie Blvd, Ste 100**
**Oak Brook, IL 60523**

Date(s) debt was incurred **16**

Last 4 digits of account number **XXXXxxxxx**

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Accident / law Suit**

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.4**

Nonpriority creditor's name and mailing address

**Alliance One C/o North Texas Toll**
**6160 Mission George Rd**
**Ste 300**
**San Diego, CA 92120**

Date(s) debt was incurred **16**

Last 4 digits of account number **XXXXXXXXXXXX**

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Tolls**

Is the claim subject to offset? ■ No ☐ Yes

**$1,356.70**

---

**3.5**

Nonpriority creditor's name and mailing address

**American Express**
**POBox 0001**
**Los Angeles, CA 90096**

Date(s) debt was incurred **16**

Last 4 digits of account number **1000**

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Credit Card**

Is the claim subject to offset? ■ No ☐ Yes

**$3,038.00**

---

**3.6**

Nonpriority creditor's name and mailing address

**American Express**
**POBox 981537**
**El Paso, TX 79998**

Date(s) debt was incurred **12/07**

Last 4 digits of account number **XXXXXXXXXXXX**

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Credit Card**

Is the claim subject to offset? ■ No ☐ Yes

**$66,077.00**

---

**3.7**

Nonpriority creditor's name and mailing address

**BMO Harris**
**770 N Water Street**
**Milwaukee, WI 53202**

Date(s) debt was incurred **16**

Last 4 digits of account number **L103**

As of the petition filing date, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Loan (Business)**

Is the claim subject to offset? ■ No ☐ Yes

**$450,741.09**

---

| Debtor | **JR Cartage, Inc.,** | |
|---|---|---|
| | Name | |
| | | Case number *(if known)* |

---

| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$16,155.63** |
|---|---|---|---|

**BMO Harris Transportation Fin**
POBox 71951
Chicago, IL 60694

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  663026xxx**

**Last 4 digits of account number  5126**

**Basis for the claim:  Lease**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|---|

**Chad Clough**
c/o

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  15 L 59**

**Last 4 digits of account number  _**

**Basis for the claim:  Accident Lawsuit**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$33,926.00** |
|---|---|---|---|

**Citi Card**
701 E 60th Street
Sioux Falls, SD 57104

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  2/1**

Last 4 digits of account number **XXXXXXXXXXXXX**

**Basis for the claim:  Credit Card**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,245.00** |
|---|---|---|---|

**Comdata**
5301 Maryland Way
Brentwood, TN 37027

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Last 4 digits of account number  XXXXXXXXXX**

**Basis for the claim:  Service**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$645.81** |
|---|---|---|---|

**ComEd**
POBox 6111
Carol Stream, IL 60197

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Last 4 digits of account number  XXXX**

**Basis for the claim:  Utilities**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.13 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$6,417.89** |
|---|---|---|---|

**Daimler Truck Financial**
POBox 5260
Carol Stream, IL 60197

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Last 4 digits of account number  XXXX**

**Basis for the claim:  Lease**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.14 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$8,187.75** |
|---|---|---|---|

**Driving Momentum USA**
POBox 73681
Houston, TX 77273

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Last 4 digits of account number  XXXX**

**Basis for the claim:  Leased Drivers**

Is the claim subject to offset? ■ No  ☐ Yes

---

Debtor    **JR Cartage, Inc.,**
_____    Case number _(if known)_ _____
Name

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: _Check all that apply._ | $63.56 |

**Georgia Dept. of Revenue**
POBox 105499
Atlanta, GA 30348

Date(s) debt was incurred  **16**

Last 4 digits of account number  **XXXXXXXXXXX**

As of the petition filing date, the claim is: _Check all that apply._

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Taxes**

Is the claim subject to offset? ☒ No  ☐ Yes

$63.56

---

| 3.16 | Nonpriority creditor's name and mailing address |

**Goodyear Tires**
3301  Mound Rd
Joliet, IL 60436

Date(s) debt was incurred  **7/16**

Last 4 digits of account number  **XXXXXXXXXX**

As of the petition filing date, the claim is: _Check all that apply._

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Goods**

Is the claim subject to offset? ☒ No  ☐ Yes

$2,181.00

---

| 3.17 | Nonpriority creditor's name and mailing address |

**Harris & Harris**
111 W. Jackson
Chicago, IL 60604

Date(s) debt was incurred  **16**

Last 4 digits of account number  **0xxx**

As of the petition filing date, the claim is: _Check all that apply._

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Illinois Tolls**

Is the claim subject to offset? ☒ No  ☐ Yes

$225.00

---

| 3.18 | Nonpriority creditor's name and mailing address |

**Indiana Dept of Revenue**
POBox 0595
Indianapolis, IN 46206

Date(s) debt was incurred  **16**

Last 4 digits of account
number  **XXXXXXXXXXXXX**

As of the petition filing date, the claim is: _Check all that apply._

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Taxes**

Is the claim subject to offset? ☒ No  ☐ Yes

$154.72

---

| 3.19 | Nonpriority creditor's name and mailing address |

**Isuzu Finance**
7865 Solution Center
Chicago, IL 60677

Date(s) debt was incurred  **6/16**

Last 4 digits of account number  **9xxx**

As of the petition filing date, the claim is: _Check all that apply._

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Rental**

Is the claim subject to offset? ☒ No  ☐ Yes

$33,840.27

---

| 3.20 | Nonpriority creditor's name and mailing address |

**Isuzu Finance of America**
2500 Westchester Ave
Suite 312
Purchase, NY 10577

Date(s) debt was incurred  **2015**

Last 4 digits of account number  **7xxx**

As of the petition filing date, the claim is: _Check all that apply._

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Contract Lease**

Is the claim subject to offset? ☒ No  ☐ Yes

$4,478.90

---

| 3.21 | Nonpriority creditor's name and mailing address |

**Mack Financial Services**
POBox 7247
Philadelphia, PA 19170

Date(s) debt was incurred  **5/16**

Last 4 digits of account
number  **XXXXXXXXXXXXXXXX**

As of the petition filing date, the claim is: _Check all that apply._

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Services**

Is the claim subject to offset? ☒ No  ☐ Yes

$33,215.00

| Debtor | **JR Cartage, Inc.,** | |
|---|---|---|
| | Name | |
| | | Case number *(if known)* |

---

| 3.22 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,800.41** |
|---|---|---|---|

**Mercedes Benz Financial**
**POBox 5209**
**Chicago, IL 60656**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Basis for the claim:  Lease**

**Last 4 digits of account number  7001**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.23 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$27,189.00** |
|---|---|---|---|

**Milestone trailer Lease**
**POBox 205580**
**Dallas, TX 75320**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Basis for the claim:  Trailer Lease**

**Last 4 digits of account number  X096**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.24 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$71,664.34** |
|---|---|---|---|

**NTS Trailer**
**c/o Edgerton & Edgerton**
**125 Wood St, POBox 218**
**Wheaton, IL 60189**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Basis for the claim:  Lease**

**Last 4 digits of account number  XXXXXXXXXXX**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.25 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$721.88** |
|---|---|---|---|

**Penske Truck & Leasing**
**c/o Synter Resorce Group**
**5935 River Ave, ste 102**
**Charleston, SC 29406**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Basis for the claim:  Lease**

**Last 4 digits of account number  x378**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.26 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$902.00** |
|---|---|---|---|

**Phycians**
**POBox 8799**
**Carol Stream, IL 60197**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  16**

**Basis for the claim:  Medical Payments**

**Last 4 digits of account number  XXXXXXXXXXXXXX**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.27 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$1,582.00** |
|---|---|---|---|

**Pomp's Tire Service**
**POBox 1630**
**Green Bay, WI 54305**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  3/16**

**Basis for the claim:  Service**

**Last 4 digits of account number  XXXX**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.28 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$205.00** |
|---|---|---|---|

**Praxair**
**12000 Roosevlt Rd**
**Hillside, IL 60162**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred  12/16**

**Basis for the claim:  Safty Service**

**Last 4 digits of account number  x848**

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | JR Cartage, Inc., | | |
|---|---|---|---|
| | Name | Case number *(if known)* | |

---

**3.29**

**Nonpriority creditor's name and mailing address**
**Seimans Finance**
**POBox 2083**
**Carol Stream, IL 60132**

Date(s) debt was incurred  **1/16**

Last 4 digits of account number  **XXXX**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Rental**

Is the claim subject to offset? ■ No ☐ Yes

**$10,504.00**

---

**3.30**

**Nonpriority creditor's name and mailing address**
**USI**
**2021 Spring Rd**
**Oak Brook, IL 60523**

Date(s) debt was incurred  **16**

Last 4 digits of account number  **XXXXXXXXXXX**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **insurance Policies**

Is the claim subject to offset? ■ No ☐ Yes

**$12,048.00**

---

**3.31**

**Nonpriority creditor's name and mailing address**
**Varha Sinha**
**c/o Kennedy & Associates**
**205 West Wacke Dr, Ste 500**
**Chicago, IL 60606**

Date(s) debt was incurred  **16**

Last 4 digits of account number  **7L16**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Accident/Lawsuit**

Is the claim subject to offset? ■ No ☐ Yes

**Unknown**

---

**3.32**

**Nonpriority creditor's name and mailing address**
**Wisconsin Dept. of Revenue**
**POBox 8901**
**Madison, WI 53708**

Date(s) debt was incurred  **16**

Last 4 digits of account number  **0847**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Taxes**

Is the claim subject to offset? ■ No ☐ Yes

**$9,118.48**

---

**3.33**

**Nonpriority creditor's name and mailing address**
**Wisconsin Dept. of Revenue**
**POBox 8901**
**Madison, WI 53708**

Date(s) debt was incurred  **16**

Last 4 digits of account number  **XXXXXXXXXX**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Tolls**

Is the claim subject to offset? ■ No ☐ Yes

**$450.00**

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **BMO Harris**<br>**POBox 94034**<br>**Palatine, IL 60094** | Line  **3.7**<br><br>☐ Not listed. Explain ____ | _ |
| 4.2 | **BMO Harris**<br>**c/o Howard & Howard**<br>**200 S Michigan Ave, Ste 1100**<br>**Chicago, IL 60604** | Line  **3.7**<br><br>☐ Not listed. Explain ____ | _ |

---

| Debtor | JR Cartage, Inc., | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.3 | **BMO Harris**<br>**POB 6201**<br>**Carol Stream, IL 60197** | Line **3.7**<br>☐ Not listed. Explain ____ | _ |
| 4.4 | **Citi Card**<br>**POBox 6241**<br>**Sioux Falls, SD 57117** | Line **3.10**<br>☐ Not listed. Explain ____ | _ |
| 4.5 | **Howard Soochek & Weber**<br>**1800 E Howard Street**<br>**Milwaukee, WI 53207** | Line **3.23**<br>☐ Not listed. Explain ____ | _ |
| 4.6 | **IRS**<br>**Dept of Treasury**<br>**Kansas City, MO 64999** | Line **2.2**<br>☐ Not listed. Explain ____ | _ |
| 4.7 | **IRS**<br>**Internal Revenue Service**<br>**Cincinnati, OH 45999** | Line **2.2**<br>☐ Not listed. Explain ____ | _ |
| 4.8 | **IRS**<br>**POBox 621503**<br>**Atlanta, GA 30362** | Line **2.2**<br>☐ Not listed. Explain ____ | _ |
| 4.9 | **IRS**<br>**Dept of Treasury**<br>**Kansas City, MO 64999** | Line **2.2**<br>☐ Not listed. Explain ____ | _ |
| 4.10 | **James Stancel**<br>**3512 Farmont Ave**<br>**Naperville, IL** | Line **3.6**<br>☐ Not listed. Explain ____ | _ |

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  Add the amounts of priority and nonpriority unsecured claims.

|  | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ 2,310,000.00 |
| 5b. Total claims from Part 2 | 5b. + | $ 825,631.60 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ 3,135,631.60 |

**Fill in this information to identify the case:**

Debtor name **JR Cartage, Inc.,**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.2  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.3  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.4  State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **JR Cartage, Inc.,**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
    amended filing

## Official Form 206H
## Schedule H: Your Codebtors      12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | **James Stancel** | **3512 Farmont Ave**<br>**Naperville, IL** | **BMO Harris** | ☐ D _____<br>■ E/F   **3.7**<br>☐ G _____ |
| 2.2 | **James Stancel** | **3512 Farmont Ave**<br>**Naperville, IL** | **American Express** | ☐ D _____<br>■ E/F   **3.5**<br>☐ G _____ |
| 2.3 | **James Stancel** | **3512 Farmont Ave**<br>**Naperville, IL** | **Citi Card** | ☐ D _____<br>■ E/F   **3.10**<br>☐ G _____ |

**Fill in this information to identify the case:**

Debtor name  **JR Cartage, Inc.,**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

**04/16**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:    Income**

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:** From  **1/01/2018** to **Filing Date** | ☑ Operating a business ☐ Other _____ | **$0.00** |
| **For prior year:** From  **1/01/2017** to **12/31/2017** | ☑ Operating a business ☐ Other _____ | **$0.00** |
| **For year before that:** From  **1/01/2016** to **12/31/2016** | ☑ Operating a business ☐ Other _____ | **$2,474,727.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None.

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

Debtor    **JR Cartage, Inc.,**                                    Case number *(if known)*

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5.  **Repossessions, foreclosures, and returns**
    List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6.  **Setoffs**
    List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:**   **Legal Actions or Assignments**

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
    List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case**.**

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **BMO Harris Bank NA V. JR Cartage Inc, et al 17 L 103** | **Breach of Contract** | **Will County Court 15 W Jefferson Ave Joiet, IL** | ☐ Pending ☐ On appeal ■ Concluded |
| 7.2. | **Varsha Sinha V. JR Cartage, Inc., et al 17 L 16** | **Accident** | **Wil County Court 15 W Jefferson Ave Joliet, IL** | ■ Pending ☐ On appeal ☐ Concluded |
| 7.3. | **All State Ins a/s/o Blasiuis v. JR Cartage Inc, et al 17 AR 945** | **Accident** | **Lake County 18 N County Street Waukegan, IL 60085** | ■ Pending ☐ On appeal ☐ Concluded |
| 7.4. | **NTS Trailer V. JR Cartage Inc., 17 L 586** | **Breach Contract** | **DuPage County Court 505 N County Farm Rd Wheaton, IL 60189** | ■ Pending ☐ On appeal ☐ Concluded |
| 7.5. | **American Express V James Stancel, JR CartageInc., 16 L 103** | **Collection** | **Will County Court 15 W Jefferson Street Joliet, IL** | ☐ Pending ☐ On appeal ■ Concluded |

8.  **Assignments and receivership**
    List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Debtor   **JR Cartage, Inc.,**                                                Case number *(if known)* _____

■ None

## Part 4:   Certain Gifts and Charitable Contributions

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | | |

## Part 6:   Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

## Part 7:   Previous Locations

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

| Debtor | JR Cartage, Inc., | Case number *(if known)* | |
|--------|-------------------|--------------------------|--|

■ Does not apply

| Address | Dates of occupancy<br>From-To |
|---------|-------------------------------|

## Part 8: Health Care Bankruptcies

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ■ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---------------------------|----------------------------------------------------------------------------------|---------------------------------------------------------------------------|

## Part 9: Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ■ No.
    ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|----------------------------------------|----------------------------------|-------------------------------|------------------------------------------------------|------------------------------------------|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Do you still have it? |
|-----------------------------------------|----------------------------------------------|-----------------------------|------------------------|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Debtor    JR Cartage, Inc.,                                                    Case number *(if known)*

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

## Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12:    Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.    Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23.    Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

## Part 13:    Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| | | **Dates business existed** |

Debtor    **JR Cartage, Inc.,** _____    Case number *(if known)* _____

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service From-To |
|---|---|
| | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|
| |

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

### 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

### 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

■ No
☐ Yes. Identify below.

### 30. Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| | | | |

### 31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | |

Debtor   **JR Cartage, Inc.,**                                            Case number *(if known)*

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 17, 2018**

**/s/ James Stancel**                                   **James Stancel**
Signature of individual signing on behalf of the debtor         Printed name

Position or relationship to debtor   **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No

☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **JR Cartage, Inc.,** _____    Case No. _____

Debtor(s)                    Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept _____    $    **2,000.00**

    Prior to the filing of this statement I have received _____    $    **2,000.00**

    Balance Due _____    $    **0.00**

2.  The source of the compensation paid to me was:

    ■ Debtor        ☐ Other (specify):

3.  The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify):

4.  ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
        reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC
        522(f)(2)(A) for avoidance of liens on household goods.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
    any other adversary proceeding.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**January 17, 2018** _____        **/s/ James A.Young** _____
_Date_                                                **James A.Young**
                                                      _Signature of Attorney_
                                                      **James Young Law**
                                                      **85 Market Street**
                                                      **Elgin, IL 60123**
                                                      **847-608-9526  Fax: 847-841-3672**
                                                      **jyoung@jamesyounglaw.com**
                                                      _Name of law firm_

---

## ENGAGEMENT FOR LEGAL SERVICES – CHAPTER 7 BANKRUPTCY

This Engagement for Legal Services, hereafter referred to as "Agreement", is hereby entered into by and between the law firm of James A. Young, herein after referred to collectively as "Counsel", and Client in connection with Counsel's representation of Client in a Chapter 7 Bankruptcy. Pursuant to this Agreement, Counsel and Client agree to as follows:

1. <u>Retainer for Legal Services</u>. The minimum amount that will be charged for this engagement will be $ 2,000 ("Retainer"). The retainer paid by Client is considered an **advance payment retainer**, which means that once paid, the retainer becomes property of Counsel and will not be deposited into a client trust account, but rather into Counsel's general account. Client agrees and understands that the Advance Payment Retainer is non-refundable once paid due to Counsel's inability to accept other engagements which might conflict with our representation of you. Client has the right to request that the retainer be held in a client trust account as a security retainer allowing Counsel to bill at Counsel's hourly rate of $275.00 per hour against said retainer. However if such retainer is requested, Counsel must decline the engagement for practical reasons including the potential accessibility of the security retainer by Client's creditors and increased staff and bookkeeping time required to properly administer a security retainer. **This retainer does not cover representation of Client in any Adversary Proceedings that may be filed against Client by any creditors or the Bankruptcy Trustee. A separate Retainer will be required.**

2. <u>Additional Costs and Expenses.</u> **In addition to the retainer described above, Client is responsible for the court filing fee in the amount of $335.00.** The retainer described above does not cover the court filing fee and additional costs and expenses relating to the representation of Client by Counsel. Client agrees that he or she is responsible for any and all additional costs and expenses, which may include expenses for postage, photocopies, other professional fees, expert witness fees, credit counseling fees, credit report fees, etc. In the event that Counsel advances any amount towards payments of any additional costs and expenses, Client agrees to reimburse Counsel for said costs and expenses within fifteen (15) days from the date notified by Counsel of said advancement of costs and expenses.

3. <u>Payment of Retainer and Court Filing Fee.</u> Client understands that the Chapter 7 Bankruptcy Case will not be filed with the U.S. Bankruptcy Court until such time that the Retainer and Court Filing Fee are paid in full.

4. <u>Additional Fees.</u> This retainer does not cover any legal fees for legal services beyond the preparation of the bankruptcy petition and schedules and attendance of the First Meeting of Creditors. In the event that Counsel is required to appear at any continued First Meeting of Creditors or is required to appear in court to defend against or present any motions on Client's behalf, Client understands that Counsel reserves the right to bill Client for the additional time expended at his hourly rate of $275.00 per hour. Client agrees to pay Counsel for said additional time expended within fifteen (15) days from the date notified by Counsel of said additional time expended.

5. <u>Clients Obligations.</u> The Client's obligations are as follows:
    a. To promptly pay all legal fees, charges and the court filing fee.
    b. To provide Counsel with all requested documents, bills, statements, payment advices, bank records, tax returns, tax bills, appraisals, retirement and savings accounts, income information and to sign any and all necessary forms to allow Counsel to secure such documentation.
    c. To provide accurately and honestly for all of the information necessary to prepare and file the Chapter 7 Bankruptcy case and other motions or proceedings arising during the course of the case.
    d. To timely respond to all letters, emails and telephone calls from Counsel or any member of his staff.
    e. To keep Counsel advised at all times of the Client's mailing and physical addresses, telephone numbers and email addresses.
    f. To appear at the first meeting of creditors (341 Meeting) and at any other court hearings or meetings as may be required by the Court or any other party.
    g. To keep all scheduled office appointments with Counsel and to notify Counsel in advance of any problems with the timing and scheduling of such appointments
    h. To contact Counsel by telephone with the understanding that Counsel is only able to return calls between the hours of 9:00 a.m. and 5:00 p.m. If Counsel is available when the call is received, then the call will be taken at that time. However, if you have to leave a message for Counsel then you must provide a number that you can be reached at during the designated times. Counsel or Legal Assistant

will make every effort to return all such telephone calls within 24 hours, excluding weekends and holidays.

    i.    To provide any information requested of the Client by the Chapter 7 Trustee, the Bankruptcy Administrator or any other party in the case, unless the Court rules that the Client is not required to provide such information.

    j.    To respond as soon as possible to any requests made by the Counsel to get copies of income tax returns from the respective taxing agencies for a period of two (2) years prior to the filing of your bankruptcy case.

    k.    To sign a tax authorization form to authorize Counsel to get copies of income tax returns from the respective taxing agencies for a period of two (2) years prior to the filing of your bankruptcy case.

    l.    To provide current bank account information to include monthly statements as requested and online account balances as of the date of the signing of your bankruptcy petition packet.

6.    <u>Attorney Withdrawal from a Chapter 7 case, Adversary Proceeding or Contested Matter.</u> Pursuant to the Local Rules of the Bankruptcy Court, Counsel shall remain the responsible attorney of record for the Client in all matters in the case until the case is closed, dismissed or the discharge is entered or until the Attorney is relieved from such representation by order of the Court. The parties agree that just reasons for Counsel to withdraw from the representation of the Client, include but are not limited to the following:

    a.    The failure of the Client to provide complete, truthful and accurate information to Counsel.

    b.    The failure of the Client to comply with the Client's obligations as provided for in this Agreement and in the Local Rules.

    c.    The failure of the Client to comply with any of the obligations imposed on the Client by the Bankruptcy Code and Bankruptcy Rules.

    d.    The failure or refusal of the Client to comply with the Client's obligations to provide any supplemental information to the Court or to the Chapter 7 Trustee or to correct any incorrect or incomplete information previously provided to the Court or to the Trustee.

    e.    The failure of the Client to pay for all legal fees and costs.

    f.    If the Client are husband and wife, then any separation, serious domestic dispute or divorce of the parties.

    g.    Any irreconcilable conflict between Counsel and Client with respect to the case.

7.    <u>Non-Dischargeability of Certain Debts.</u> I have been advised that some debts are **NOT** discharged by a Chapter 7 Bankruptcy. I understand that some of the debts that are not dischargeable are

    1.    Certain Tax debts and other debts or fines owed to governmental units, including parking tickets.

    2.    Debts incurred by fraudulent means, including but not limited to, recent cash advances or other recent usage.

    3.    Accidents while driving under the influence of drugs and/or alcohol.

    4.    Alimony and Child Support.

    5.    Judgement liens and liens on property.

    6.    Intentional torts.

    7.    Credit card charges used to pay State or Federal Taxes.

    8.    Student Loans owed to the government and non-governmental agencies, and

    9.    Home Owners' or Condominium Association Dues.

8.    <u>Scope of Services.</u> Client understands that Counsel has been hired to represent Client in his/her/their bankruptcy case only. Bankruptcy provides relief from debt, and as such Client understands that Counsel **HAS NOT** been hired to negotiate settlement agreements with Client's creditors or to repair Client's credit. Client agrees to be responsible for insuring the accuracy of his/her/their own credit report/history.

9.    <u>Representations.</u> Every effort will be made to handle your case promptly and efficiently according to the highest legal and ethical standards. There have been no representations or guarantees made by Counsel regarding the outcome of the matter. Any discussion in this regard, past or present, are limited only to estimates based upon Counsel's experience and judgement, but in no event should be considered as a representation, promise or guarantee as to the result which might be obtainable.

10.    <u>Severability.</u> If any clause, phrase, provision or portion of this Agreement or the application thereof to any person or circumstance shall be invalid or unenforceable under applicable law, such invalidity or unenforceability shall not

affect, impair or render invalid or unenforceable the remainder of this Agreement nor any other clause, phrase, provision or portion hereof.

11. Law Governing and Jurisdiction.  This Agreement shall be interpreted in accordance with the laws of the State of Illinois and the parties irrevocably consent to the exclusive jurisdiction and venue of the Circuit Court of Kane County, Illinois located in Geneva, Illinois in connection with any action or proceeding arising out of or relating to this Agreement.

**Client has been informed and fully understands the following restrictions regarding receiving a discharge in another bankruptcy once Client receives a discharge in this bankruptcy:**

   a. A Chapter 7 Client may not be granted a discharge if a discharge was received under Chapter 7 in a case filed within eight (8) years of the filing of a Chapter 7 petition. (Eight years between Chapter 7 discharges).

   b. A Chapter 13 Client may not be granted a discharge if he/she/they received a discharge in a previous Chapter 7, 11 or 12 filed within four (4) years of the filing of a Chapter 13. (Four years between Chapter 7 and then a Chapter 13 discharge.)

**AGREED TO BY:**

J.R. Cartage, Inc,
James Stancel, president,
_____
Client

_____          _____
Client                                                    Date

_____          _____
Client                                                    Date

_____          _____
Counsel                                                  Date

James A. Young Law, LLC.
85 Market Street
Elgin, IL 60123
(847) 608-9526

# United States Bankruptcy Court
## Northern District of Illinois

In re  **JR Cartage, Inc.,**

Debtor(s)

Case No.

Chapter  **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:  **48**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:  **January 17, 2018**

**/s/ James Stancel**

**James Stancel/President**
Signer/Title

AAA Minesota
c/o Wibur & Associates
210 Landmark Dr
Normal, IL 61761


ADT Security
POBox 650485
Dallas, TX 75265


All State and Blasiuis
c/o Kelly & Karras
1010 Jorie Blvd, Ste 100
Oak Brook, IL 60523


Alliance One C/o North Texas Toll
6160 Mission George Rd
Ste 300
San Diego, CA 92120


American Express
POBox 0001
Los Angeles, CA 90096


American Express
POBox 981537
El Paso, TX 79998


BMO Harris
770 N Water Street
Milwaukee, WI 53202


BMO Harris
POBox 94034
Palatine, IL 60094


BMO Harris
POB 6201
Carol Stream, IL 60197


BMO Harris
c/o Howard & Howard
200 S Michigan Ave, Ste 1100
Chicago, IL 60604

BMO Harris Transportation Fin
POBox 71951
Chicago, IL 60694


Chad Clough
c/o


Citi Card
701 E 60th Street
Sioux Falls, SD 57104


Citi Card
POBox 6241
Sioux Falls, SD 57117


Comdata
5301 Maryland Way
Brentwood, TN 37027


ComEd
POBox 6111
Carol Stream, IL 60197


Daimler Truck Financial
POBox 5260
Carol Stream, IL 60197


Driving Momentum USA
POBox 73681
Houston, TX 77273


Georgia Dept. of Revenue
POBox 105499
Atlanta, GA 30348


Goodyear Tires
3301 Mound Rd
Joliet, IL 60436


Harris & Harris
111 W. Jackson
Chicago, IL 60604

Howard Soochek & Weber
1800 E Howard Street
Milwaukee, WI 53207


Illinois Dept of Revenue
 POBox 64338
Chicago, IL 60664


Indiana Dept of Revenue
POBox 0595
Indianapolis, IN 46206


IRS
POBox 7346
Philadelphia, PA 19101


IRS
Dept of Treasury
Kansas City, MO 64999


IRS
Dept of Treasury
Kansas City, MO 64999


IRS
POBox 621503
Atlanta, GA 30362


IRS
Internal Revenue Service
Cincinnati, OH 45999


Isuzu Finance
7865 Solution Center
Chicago, IL 60677


Isuzu Finance of America
2500 Westchester Ave
Suite 312
Purchase, NY 10577


James Stancel
3512 Farmont Ave
Naperville, IL

```
James Stancel
3512 Farmont Ave
Naperville, IL


James Stancel
3512 Farmont Ave
Naperville, IL


James Stancel
3512 Farmont Ave
Naperville, IL


Mack Financial Services
POBox 7247
Philadelphia, PA 19170


Mercedes Benz Financial
POBox 5209
Chicago, IL 60656


Milestone trailer Lease
POBox 205580
Dallas, TX 75320


NTS Trailer
c/o Edgerton & Edgerton
125 Wood St, POBox 218
Wheaton, IL 60189


Penske Truck & Leasing
c/o Synter Resorce Group
5935 River Ave, ste 102
Charleston, SC 29406


Phycians
POBox 8799
Carol Stream, IL 60197


Pomp's Tire Service
POBox 1630
Green Bay, WI 54305


Praxair
12000 Roosevlt Rd
Hillside, IL 60162
```

```
Seimans Finance
POBox 2083
Carol Stream, IL 60132


USI
2021 Spring Rd
Oak Brook, IL 60523


Varha Sinha
c/o Kennedy & Associates
205 West Wacke Dr, Ste 500
Chicago, IL 60606


Wisconsin Dept. of Revenue
POBox 8901
Madison, WI 53708


Wisconsin Dept. of Revenue
POBox 8901
Madison, WI 53708
```

# United States Bankruptcy Court
## Northern District of Illinois

In re    **JR Cartage, Inc.,**
_____
Debtor(s)

Case No.
Chapter    **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **JR Cartage, Inc.,**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**January 17, 2018**
_____
Date

**/s/ James A.Young**
_____
**James A.Young**
Signature of Attorney or Litigant
Counsel for   **JR Cartage, Inc.,**
_____
**James Young Law**
**85 Market Street**
**Elgin, IL 60123**
**847-608-9526 Fax:847-841-3672**
**jyoung@jamesyounglaw.com**